UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN MANUEL CRUZADO-LAUREANO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 3:19-cv-02142-JAW |
| | ) |
| W. STEPHEN MULDROW, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO DISMISS PETITION**

The Court dismisses as non-meritorious a petitioner's petition for writ of mandamus in which he claims that a 2001 indictment, later superseded, must be withdrawn even though he was tried, convicted and sentenced well over a decade ago. The Court concludes that Federal Rule of Criminal Procedure 7(c)(1) requires only that the indictment be signed "by an attorney for the government" and the petitioner's assertion that all government attorneys who appeared before the grand jury on a case must sign any ensuing indictment is not the law.

Apart from the erroneous premise of the petition, the Court concludes that there are several other reasons the petition must be dismissed: (1) the indictment the petitioner erroneously claims is defective was superseded and the superseding indictment was signed by both the United States Attorney and an Assistant United States Attorney, so even under his faulty legal theory his petition fails; (2) the petitioner has had his full share of conventional means of review; (3) the petitioner waived any such defect in the indictment by failing to raise it before trial; and (4) the petitioner has shown no prejudice from the alleged defect, as the superseding

indictment gave him fair notice of the charges and the alleged defect, such as it is, is not jurisdictional.

## I.     INTRODUCTION

On December 19, 2019, Juan Manuel Cruzado-Laureano, acting pro se, filed a petition in this Court against W. Stephen Muldrow, seeking a writ of mandamus to force Mr. Muldrow, the United States Attorney for the District of Puerto Rico, to withdraw an allegedly illegal indictment against Mr. Cruzado-Laureano. *Writ of Mandamus* (ECF No. 1) (*Pet.*).  On February 18, 2020, United States Attorney Muldrow (USA Muldrow) moved to dismiss the petition for lack of subject matter jurisdiction and failure to state a claim for which relief may be granted. *Mot. to Dismiss Writ of Mandamus for Lack of Subject Matter Jurisdiction and for Failure to State a Claim for Which Relief May Be Granted* (ECF No. 10) (*Def.'s Mot.*).  On March 3, 2020, Mr. Cruzado-Laureano filed a response to the motion to dismiss. *Reply to Mot. of Def. Requesting Dismissal of Writ of Mandamus* (ECF No. 11) (*Pet'r's Opp'n*). The same day, Mr. Cruzado-Laureano also filed a motion requesting translation of an audit report and an evidentiary hearing. *Mot. Requesting the Translation of the Audit Report M-06-12 of the Office of the Comptroller of PR and an Evid. Hr'g to Discuss the Findings of Said Report* (ECF No. 12).  USA Muldrow has not responded to Mr. Cruzado-Laureano's motion requesting the transcript and an evidentiary hearing. On March 9, 2020, Mr. Cruzado-Laureano filed an addendum to his writ of mandamus. *Writ of Mandamus "Addendum"* (ECF No. 13).

## II. BACKGROUND

### A. The Criminal Charge, Trial, Guilty Verdict, Sentencing, and Post-Conviction Filings

In his Petition, Mr. Cruzado-Laureano refers to 01-690(JAG). *Pet.* at 1. The Court takes judicial notice of *United States v. Cruzado-Laureano*, docket number 3:01-cr-00690-JAF, United States District Court for the District of Puerto Rico. Under this docket number, a federal grand jury issued an eleven-count indictment against Mr. Cruzado-Laureano on October 24, 2001. *Indictment* (ECF No. 1). As the First Circuit later summarized it, Mr. Cruzado-Laureano engaged in a "variety of schemes" in which he "extorted funds from government contractors and embezzled funds that belonged in . . . city coffers." *United States v. Cruzado-Laureano*, 440 F.3d 44, 45 (1st Cir. 2006) (hereafter *Cruzado-Laureano II*).

A grand jury issued a fourteen-count superseding indictment on January 25, 2002. *Superseding Indictment* (ECF No. 32). A jury trial began May 20, 2002, *Min. Entry* (ECF No. 69), and at the close of evidence, the District Judge dismissed one count. *Order* (ECF No. 86). On June 7, 2002, a federal jury found Mr. Cruzado-Laureano guilty of twelve charges and not guilty of one. *Verdict* (ECF No. 89). On November 13, 2002, a United States District Judge sentenced Mr. Cruzado-Laureano to sixty-three concurrent months of incarceration on all counts except one (for which count the sentence was twelve months of concurrent incarceration), a fine of $10,000, a special assessment of $1,200, and a three-year concurrent term of supervised release on all charges except one (for which count the concurrent term of supervised

release was one year). *J.* (ECF No. 110) (*Original J.*). No restitution was ordered. *Id.*

Mr. Cruzado-Laureano appealed his conviction and sentence to the Court of Appeals for the First Circuit, and on April 5, 2005, the First Circuit affirmed the convictions but vacated the sentences and remanded to the United States District Court for resentencing.[1] *United States v. Cruzado-Laureano*, 404 F.3d 470, 489 (1st Cir. 2005) (hereafter *Cruzado-Laureano I*). On May 31, 2005, the United States District Judge re-imposed the same sentence, except he imposed a restitution obligation in the amount of $14,251.82. *Am. J.* (ECF No. 196).

Mr. Cruzado-Laureano appealed this second sentence to the Court of Appeals for the First Circuit, and on March 14, 2006, the First Circuit again vacated the sentence and remanded to the District Court for resentencing. *Cruzado-Laureano II*, 440 F.3d at 49-50. On April 26, 2006, the United States District Judge re-imposed the same sentence he imposed on May 31, 2005, including the restitution obligation. *Am. J.* (ECF No. 248).

Mr. Cruzado-Laureano again appealed his sentence to the Court of Appeals for the First Circuit, and on June 4, 2008, the First Circuit affirmed his sentence. *United States v. Cruzado-Laureano*, 527 F.3d 231, 239 (1st Cir. 2008). By the time of the June 4, 2008 appellate decision, Mr. Cruzado-Laureano had completed his sentence of incarceration. *Id.* at 234, n.1.

---

[1] In *Cruzado-Laureano I*, the First Circuit set forth a detailed account of the factual underpinning of the evidence at trial against Mr. Cruzado-Laureano. 404 F.3d at 472-79.

On December 31, 2009, Mr. Cruzado-Laureano filed a civil action in this Court against the United States pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence, and if no jurisdiction existed under that statute, pursuant to the All Writs Act, seeking a writ of error coram nobis. *Pet. Under 28 U.S.C. § 2255*, *Cruzado-Laureano v. United States*, No. 3:09-cv-02303-JAF (D.P.R. Dec. 31, 2009), ECF No. 1. On November 2, 2010, the United States District Court issued an opinion and order denying his civil action and, the same day, issued a judgment in favor of the United States. *Op. and Order* (ECF No. 31); *J.* (ECF No. 32). Mr. Cruzado-Laureano appealed to the Court of Appeals for the First Circuit, and on April 26, 2012, the First Circuit affirmed the judgment. *J.* (ECF No. 39).

On July 13, 2015, Mr. Cruzado-Laureano filed another petition under the All Writs Act, Error Coram Nobis, against the United States. *Pet. Under the All Writs Act (Error Coram Nobis)*, *Cruzado-Laureano v. United States*, No. 3:15-cv-01930-JAF (D.P.R. July 13, 2015), ECF No. 1. On November 30, 2015, the United States District Court issued an order denying the petition and entered judgment the same day. *Order on Pet. for Writ of Error Coram Nobis* (ECF No. 4); *J.* (ECF No. 5). Mr. Cruzado-Laureano appealed this judgment to the Court of Appeals for the First Circuit and on February 8, 2018, the First Circuit affirmed the district court judgment. *J.* (ECF No. 15).

B.     **The Petition**

Mr. Cruzado-Laureano brings his latest civil action under 28 U.S.C. § 1361, the Mandamus and Venue Act. *Pet.* ¶ 1. Mr. Cruzado-Laureano demands that USA

Muldrow "exercise the vicarious responsibility of this position and withdraw the illegal Indictment 01-690(JAG) from 10-24-01 filed before the Court with his 'True Bill' with the only signature the US Attorney Guillermo Gil Bonar at the time." *Id.* Mr. Cruzado-Laureano says that the "illegal indictment" was used to "carry a criminal trial where I was convicted and sentenced to 63 months in prison." *Id.* He asserts that the "accusation against me using **Indictment 01-690** was filed in violation of the law and lacking the basic requirements to present it." *Id.* (emphasis in original).

Mr. Cruzado-Laureano reviews the circumstances by which the case against him was presented to the grand jury. *Id.* 2-6. In his Petition, Mr. Cruzado-Laureano contends that then USA Guillermo Gil Bonar made the presentations to the grand jury and, although Assistant United States Attorney (AUSA) Lynn Doble Salicrup was present, she did not present any evidence to the grand jury or otherwise participate in grand jury proceedings in his case. *Id.* Mr. Cruzado-Laureano alleges that USA Gil Bonar, not AUSA Doble Salicrup, signed the indictment. *Id.* at 6. He asks:

> What happened to the signing of AUSA Lynn Doble Salicrup, the other Government lawyer who oversaw the Grand Jury that issued indictment 01-690, which is absent in the "True Bill" of **Indictment 01-690 of 10-24-01**?

*Id.* at 6. Mr. Cruzado-Laureano alleges that USA Gil Bonar was politically motivated against him and that it was improper for USA Gil Bonar to have made grand jury presentations against him without the presence of AUSA Doble Salicrup. *Id.* at 7. In doing so, Mr. Cruzado-Laureano contends that USA Gil Bonar violated Federal Rule

6

of Criminal Procedure 7. *Id.* at 8. Mr. Cruzado-Laureano says that he twice wrote USA Muldrow and demanded he withdraw the illegal indictment and USA Muldrow never responded. *Id.* at 8. He says that USA Muldrow's silence compelled him to file his mandamus action. *Id.*

### III.   THE POSITIONS OF THE PARTIES

#### A.   USA Muldrow's Motion to Dismiss

USA Muldrow moves to dismiss Mr. Cruzado-Laureano's Petition under Federal Rule of Civil Procedure 12(b)(1) and (6). *Def.'s Mot.* at 4-6. USA Muldrow notes that "Congress delegated on United States Attorneys the power to prosecute all offenses against the United States," *id.* at 5 (citing 28 U.S.C. § 547), and this statute gave USA Gil Bonar the "unquestionable authority to sign the indictment and file charges against [Mr.] Cruzado-Laureano." *Id.* USA Muldrow observes that the Mandamus Act does not provide an independent basis for relief but must be tethered to another statute; without such an independent basis, the Court "lacks jurisdiction to issue a writ of mandamus to resolve a plaintiff's claim." *Id.* at 5-6 (citing *Starbuck v. City and County of S.F.*, 556 F.2d 450, 459 n.18 (9th Cir. 1977)). Here, USA Muldrow says that Mr. Cruzado-Laureano "fails to show a single statute that provides an independent ground for subject-matter jurisdiction that would allow this Court to consider his request." *Id.* at 6.

#### B.   Juan Manuel Cruzado-Laureano's Response

In his response, Mr. Cruzado-Laureano relates the long history of this case. *Pet'r's Opp'n* at 2-6. He then clarifies that he "does not question in his Writ of

Mandamus the unquestionable authority of the US Attorney Guillermo Gil Bonar to sign an Indictment (01-690) where he has participated before the Grand Jury as one of the attorneys for the Government." *Id.* at 7. Instead, Mr. Cruzado-Laureano questions why AUSA Lynn Doble Salicrup, who was present during the grand jury proceedings, did not also sign the indictment. *Id.* Mr. Cruzado-Laureano then responds to USA Muldrow's point about the lack of an independent source of statutory authority for his petition for writ of mandamus by claiming that USA Gil Bonar engaged in "professional misconduct" and fabricating the evidence. *Id.* at 8. Mr. Cruzado-Laureano then poses seven questions that he believes must be answered before the case may be dismissed. *Id.* at 9. Finally, he points to a separate motion that he filed seeking an evidentiary hearing about Audit Report M-06-12. *Id.* at 10.

## IV.  LEGAL STANDARDS

"Mandamus is regarded as an extraordinary writ reserved for special situations. Among its ordinary preconditions are that the agency or official have acted (or failed to act) in disregard of a clear legal duty and that there be no adequate conventional means for review." *In re City of Fall River, Mass.*, 470 F.3d 30, 32 (1st Cir. 2006); *see also Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (mandamus is "a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes'" (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947))). To be entitled to a writ of mandamus, the United States Supreme Court has written that "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the

8

defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also United States v. Moloney (In re Price)*, 685 F.3d 1, 13 n.16 (1st Cir. 2012) ("Such clear duty must be 'nondiscretionary'" (quoting *Eveland v. Dir. of CIA*, 843 F.2d 46, 51 (1st Cir. 1988) (per curiam))).

## V.   DISCUSSION

Mr. Cruzado-Laureano's mandamus petition is frivolous.  First, the law does not invalidate an indictment because it was signed by the USA, not by an AUSA. Federal Rule of Criminal Procedure requires only that an indictment be signed "by an attorney for the government."  FED. R. CRIM. P. 7(c)(1).

Rule 7 does not require that an indictment be signed by an assistant united states attorney and specifically does not require that the indictment be signed by all the government attorneys who participated in the indicted case before the grand jury. Rule 7 does not say that all government attorneys who appeared before a grand jury must sign the resulting indictment, only that "an attorney for the government" must sign.  Because Mr. Cruzado-Laureano concedes, as he must, that USA Gil Bonar as USA was "an attorney for the government" and had the authority to sign the indictment, Mr. Cruzado-Laureano has not stated a claim against USA Muldrow.

Mr. Cruzado-Laureano's concession is grounded on the law.  Under 28 U.S.C. § 541(a), the President of the United States nominates—and the United States Senate confirms—United States Attorneys.  The law expressly authorizes United States Attorneys to "prosecute for all offenses against the United States" within their districts. 28 U.S.C. § 547(1).  A United States Attorney may appoint Assistant United

States Attorneys "to carry on his work." *United States v. Smyth*, 104 F. Supp. 283, 305 (N.D. Cal. 1952); *see also* 18 U.S.C. § 542. Thus, the Assistant United States Attorney acts under the aegis of the United States Attorney, not vice versa, and USA Gil Bonar was just as much, if not more, an "attorney for the government" as his assistants. Accordingly, USA Muldrow does not owe Mr. Cruzado-Laureano a "clear nondiscretionary duty" to void the indictment when the indictment was validly signed. *Heckler*, 466 U.S. at 616.

As the Court understands it, under Mr. Cruzado-Laureano's theory, the reason an indictment must be signed by all government lawyers who participated in the grand jury presentation is to prevent political prosecutions and he contends that his prosecution was politically motivated. One flaw in Mr. Cruzado-Laureano's theory is that the USA and AUSA who made the presentation to the grand jury did not indict him. The grand jury did. The grand jury, not the prosecutor, is the constitutional safeguard against unwarranted prosecutions. A second flaw is that the prosecution later had the obligation to prove its charges against Mr. Cruzado-Laureano beyond a reasonable doubt before a petit jury. It did so after an extended trial. Mr. Cruzado-Laureano received the protection that the law provides against a purely politically-motivated prosecution—not from the number of signatures on an indictment, but from the Government's compliance, enforced by the Court, with an array of constitutional safeguards before his conviction.

Second, even if the original indictment were defective because the USA signed it (which it is not), Mr. Cruzado-Laureano did not go to trial, was not convicted, and

was not sentenced on the original indictment. On January 25, 2002, a federal grand jury issued a superseding indictment containing three additional counts and Mr. Cruzado-Laureano went to trial and was sentenced on the superseding indictment, not the original indictment. *See Original J.* The superseding indictment was signed by both USA Gil Bonar and AUSA Rebecca Kellogg de Jesus. *See Gov't's Mot.* at 2. Thus, even under Mr. Cruzado-Laureano's mistaken theory that an indictment is not effective unless signed by both the USA and the AUSA who were present before the grand jury, the Superseding Indictment—which became the operative charging instrument—complied even with Mr. Cruzado-Laureano's unsupported theory of law.

Third, as Mr. Cruzado-Laureano's case demonstrates, he has had his full share of "conventional means for review." *City of Fall River*, 470 F.3d at 32. Moreover, the fact that USA Gil Boner, and not an AUSA, signed the original indictment was evident on the face of that indictment and could have been raised before the trial judge, before the appellate court on direct appeal, or before both in the failed § 2255 and later coram nobis petitions. Even though Mr. Cruzado-Laureano had multiple means to challenge the indictment, there is no indication that Mr. Cruzado-Laureano raised this issue at any time in any of his challenges before filing his current Petition more than eighteen years after the original indictment. Thus, he had numerous "conventional means for review," he just did not take them on this issue.

Fourth, under Federal Rule of Criminal Procedure 12(b)(3)(B), if there is a non-jurisdictional defect in an indictment, a defendant must raise that defect by motion before trial. The failure to do so waives the defect. *See United States v. Barbato*, 471

F.2d 918, 921 (1st Cir. 1973); *Bowen v. United States*, No. 95-21-B-H, 2001 U.S. Dist. LEXIS 17400, at *5 (D. Me. Mar. 16, 2001). Here, as the Court noted, the defect, if it is a defect, existed on the face of the original indictment. By going to trial without raising the defect, Mr. Cruzado-Laureano waived it, especially since there is nothing to indicate the defect as he proposes it is jurisdictional.

Fifth, if there is a defect (which there is not), and if Mr. Cruzado-Laureano is not deemed to have waived it (which he did), the Court would have to be convinced that he suffered prejudice from the defect. *United States v. Brown*, 295 F.3d. 152, 155-56 (1st Cir. 2002). The inquiry is whether the indictment failed to give Mr. Cruzado-Laureano "fair notice" of the charges. *Id.* The signature of the USA and not also the AUSA, standing alone, did not, in this Court's view, affect whether Mr. Cruzado-Laureano had "fair notice" of the charges in the superseding indictment before going to trial. Indeed, Mr. Cruzado-Laureano makes no claim that the superseding indictment was otherwise defective in any way.

Finally, as to the second issue raised by USA Muldrow, namely that an action under the Mandamus Act must be linked to another statutory source of right before proceeding, the law is a bit more equivocal than USA Muldrow allows. *Compare Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) ("Therefore, the Mandamus Act (section 1361) is the sole jurisdictional leg upon which this action stands"); *with Starbuck*, 556 F.2d at 459 n.18 ("That statute does not provide an independent ground for jurisdiction"); *see also Louisville & N. R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir. 1983) ("Similarly, some courts have held that 28 U.S.C. § 1361, which provides

for 'original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff' does not provide an independent ground for subject matter jurisdiction").

To the extent the First Circuit has addressed this issue, it seems to favor the courts that hold the Mandamus Act does not provide an independent basis for jurisdiction. *Martinez v. Smith*, 768 F.2d 479 (1st Cir. 1985) (per curiam). In *Martinez*, citing *Louisville*, the First Circuit wrote: "[t]he plaintiff argues that there are grounds for mandamus jurisdiction under 28 U.S.C. § 1361, and for jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. But neither of these provisions provides additional grounds for jurisdiction." *Id.* at 481. In the context of *Martinez*, this language suggests that the First Circuit agrees with *Louisville*, but the opinion contains no analysis and may not be the First Circuit's considered judgment on the issues. If the First Circuit has adopted the view that the Mandamus Act does not provide an independent ground for jurisdiction, this would be another reason Mr. Cruzado-Laureano's Petition must be dismissed.

## VI. CONCLUSION

The Court GRANTS W. Stephen Muldrow's Motion to Dismiss Writ of Mandamus for Lack of Subject Matter Jurisdiction and for Failure to State a Claim for Which Relief May Be Granted (ECF No. 10). The Court DISMISSES with prejudice Juan Manuel Cruzado-Laureano's Petition for Writ of Mandamus (ECF No. 1). The Court also DISMISSES as moot Juan Manuel Cruzado-Laureano's Motion Requesting the Translation of the Audit Report M-06-12 of the Office of the

Comptroller of PR and an Evidence Hearing to Discuss the Findings of Said Report (ECF No. 12) and Writ of Mandamus "Addendum" (ECF No. 13).

SO ORDERED.

/s/ John A. Woodcock, Jr.<br>
JOHN A. WOODCOCK, JR.<br>
UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2020